IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAREZ D. WILSON,<br><br>Defendant. | **8:13CR379**<br><br>**ORDER** |

This matter comes on for admission and disposition for an Amended Violation of Supervised release filed on October 19, 2026. Filing No. 99.

The defendant admits to allegation number 1 alleging a new law violation. The defendant was sentenced by Douglas County District Court on September 30, 2026, for the charges forming the substance of allegation number 1. The sentence was 6 to 8 years for illegal drug related charges and 1 to 2 years for operating a motor vehicle to avoid arrest, with the sentences to be served consecutively and subsequent to any future sentence imposed.

The defendant has been in Nebraska state custody since the day of his arrest for the underlying charges and is subject to a detainer filed by the United States after his February 16, 2026, arrest for the state charges.

The Court is not aware of the questions of the legality of a sentence which imposes a delayed execution date pending the resolution of future charges in another jurisdiction. Defendant was sentenced while in state custody and his sentence began on that date with credit for the time he was in state custody pending the resolution of his state charges.

Under Nebraska law, the defendant is given day-for-day credit for good behavior, so called "good time." *See* Neb. Rev. Stat. § 83-1,107(2)(a). Accordingly, he is eligible for release from state custody approximately 3.5 years from his arrest on February 16, 2026. Presumably, he also is eligible for parole in less than 3.5 years.

The Court sentenced the defendant to 36 months beginning on the date of his disposition, October 19, 2026. The sentence is to be served concurrent to his on-going state sentence. This sentence ensures the defendant will be incarcerated for at least 30.6 months from October 19, 2026. The sentence is double his prior sentence for violation of supervised release. Due to the detainer the Bureau of Prisons will place on him with the State of Nebraska, he will not be eligible for substantial programing while in state custody. Given the defendant's prior repeated criminal history and the sentencing guideline range of 30 to 37 months, the Court is satisfied that this is an adequate punishment for his violation of supervised release without imposing the consecutive sentence requested by the government.

The Court is concerned that the State of Nebraska and/or the United States will attempt to require the defendant to serve his 36-month federal sentence before it will initiate his service of the aforementioned state sentence. In consideration of the possibility of that event, this Court retains jurisdiction of the defendant. In such event, the Court will order his resentencing for the instant violation of supervised release.

Dated this 23rd day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge